**Frank E. MARINO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 00–3133.**

United States Court of Appeals, Federal Circuit.

March 27, 2001.

---

Frank E. Marino, of San Antonio, Texas, pro se.

Doris S. Finnerman, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With her on the brief were David W. Cohen, Director; and Todd M. Hughes, Assistant Director.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

MAYER, Chief Judge.

Frank E. Marino appeals the final decision of the Merit Systems Protection Board in Docket No. DA844E980317-I-1 (Nov. 1, 1999), denying his application for disability retirement under the Federal Employees' Retirement System (FERS). Because the board's decision is contrary to the language of the governing statute and regulations, we reverse and remand.

### Background

Marino was employed as a Materials Handler for the Defense Logistics Agency (DLA) at the Defense Distribution Depot in San Antonio, Texas. On August 15, 1996, he was moved from the warehouse, placed in an administrative office and given a set of light duties as an accommodation for his alleged disability (chronic sinusitis and persistent respiratory infections). Marino remained in the administrative office until he was affected by a Reduction in Force (RIF) on March 14, 1998. Marino's official position was terminated as a result of the RIF. On January 30, 1997, he applied for disability retirement under FERS. The Office of Personnel Management (OPM) initially denied the request and, on March 11, 1998, issued a final decision affirming its initial decision. Marino appealed to the board.

The administrative judge affirmed OPM's denial of Marino's request. *See Marino v. Office of Pers. Mgmt.*, No. DA844E980317-I-1 (Dec. 7, 1998) (initial decision). The administrative judge concluded that Marino failed to prove by a preponderance of the evidence that his medical problems rendered him unable to perform useful and efficient service in his position. The administrative judge first found that the objective medical evidence does not support a finding that the medical problems are so severe as to be disabling. Second, he found that DLA provided, and Marino accepted, an accommodating position in the administrative office. While in the accommodating position, Marino provided useful and efficient service. Finally, the administrative judge determined that accommodation would have continued but for the termination of Marino's position by the RIF. The initial decision became the final decision of the board on November 1, 1999.

### Discussion

The scope of our review in an appeal from a decision of the board is limit-

ed. Specifically, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). Our scope of review of disability retirement determinations under FERS is even more limited. "[T]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)).

■ Marino claims that he is eligible for disability retirement because, contrary to the board's finding, DLA failed to accommodate his disability. The implementing regulations for disability retirement under FERS state that one of the requirements for disability retirement is that "[a]ccommodation of the disabling medical condition in the position held must be unreasonable." 5 C.F.R. § 844.103. Accommodation is defined as "a reasonable adjustment made to an employee's job or work environment that enables the employee to perform the duties of the position. Accommodation may include modifying the worksite; adjusting the work schedule; restructuring the job; obtaining or modifying equipment or devices; providing interpreters, readers, or personal assistants; and retraining the employee." *Id.* § 844.102. Marino argues that because DLA merely assigned him an unofficial set of office duties under a personnel loan arrangement, adjustments were not made to his job or work environment that enabled him to perform the duties of his official position of Materials Handler. Therefore, there was no accommodation.

We have recently considered this same question for employees serving under the Civil Service Retirement System (CSRS). *See Bracey v. Office of Pers. Mgmt.*, 236 F.3d 1356 (Fed.Cir.2001). The only difference between disability retirement under CSRS and disability retirement under FERS is that the preambles to the two regulations state the different eligibility requirements for the two retirement systems. *Compare* 5 C.F.R. § 831.1203 *with* 5 C.F.R. § 844.103. Otherwise, the conditions in the two regulations are identical. Because of the similarities between the two retirement systems, commentary on one helps to construe the other. *See Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1470 (Fed.Cir.1998).

In *Bracey*, we held that the adjustment made to the employee's job or work environment must enable the employee to continue to perform the duties of his or her official position. 236 F.3d at 1361. A "light-duty assignment therefore cannot be considered an 'accommodation' as that term is used in the regulations." *Id.* Here, Marino was never assigned to another position within the agency. Until his separation, he maintained his official position of Materials Handler. His assignment to light duties, therefore, was not an accommodation which allowed him to perform the duties of his official position.

■ Marino also asserts that the board incorrectly weighed the evidence of his disability. We may not review the factual underpinnings of physical disability determinations. *Anthony*, 58 F.3d at 626. However, he argues that in determining his disability, the board improperly relied upon his ability to perform useful and efficient service in his unofficial light duty position, and not his official position of Materials Handler. This is an alleged error going to the heart of the administrative determination, which we may review. *See id.*

The board found that Marino suffers from allergies and respiratory problems, but concluded that the evidence did not

support a finding of disability. In so concluding, it relied on OPM's finding that Marino was "providing useful and efficient service in the *accommodation* position." *Marino*, at 7 (emphasis added). Marino acknowledged that he was able to perform any activity in a dust-free (accommodated) environment, but could not provide useful and efficient service as a Materials Handler. Section 8451 of title 5 of the United States Code requires a finding that the employee is unable "to render useful and efficient service in the employee's *position*." (Emphasis added). As we stated in *Bracey*, "[a] 'position' in the federal employment system is required to be classified and graded in accordance with the duties, responsibilities, and qualification requirements associated with it." 236 F.3d at 1359. Therefore, any evaluation of useful and efficient service for disability purposes must be with respect to the employee's official position, not an unofficial light duty assignment.

### Conclusion

Accordingly, the decision of the board is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*