Margo JOHNSON, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 04–3017.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 7, 2004.

Margo D. Johnson, Dolton, IL, pro se.

J. Reid Prouty, Principal Attorney,
James M. Kinsella, David M. Cohen, of
Counsel, Washington, DC, for Respondent.

Before MAYER, Chief Judge, MICHEL
and LINN, Circuit Judges.

PER CURIAM.

Margo Johnson seeks review of the decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM") denying her application for disability retirement under the Federal Employees Retirement System ("FERS") from the position of Distribution Clerk with the U.S. Postal Service. *Johnson v. Office of Pers. Mgmt.*, No. CH844E020386–I–1, 95 M.S.P.R. 295, 2003 WL 22176822 (M.S.P.B. Sept. 16, 2003). Because Johnson's appeal relies on evidence that is not in the record before us, we must *affirm*.

We affirm a decision of the board unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). We are "precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Marino v. Office of Pers. Mgmt.*, 243 F.3d 1375, 1377 (Fed.Cir.2001) (quoting *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995)).

Johnson asserts that the board erred in affirming OPM's denial of disability retirement because it failed to take into account her "Social Security medical documentation" as well as the contents of a telephone interview with an unnamed psychiatrist. It is unclear from the record, however, whether the medical documentation considered by the board in its decision was in fact the Social Security medical documentation to which Johnson refers, whether it comprised merely a part of the Social Security medical documentation, or whether it was evidence submitted separately and distinctly from the Social Security medical documentation. Furthermore, there is no evidence in the record concerning a telephone interview, nor does the record reflect that such evidence was properly before the board.

In sum, on appeal Johnson does not explicitly allege "a substantial departure from important procedural rights ... or some like error going to the heart of the administrative determination." To the extent that she implies as much, given the principle that we are to construe *pro se* pleadings liberally, her lack of evidentiary support undermines her position. *See Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). And we

are statutorily precluded from conducting the review of the underlying facts that Johnson seeks.