NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3245

JAMES MOUAT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent,

and

JO ANN MOUAT,

Intervenor.

———————————————

DECIDED:  January 25, 2005

———————————————

Before RADER, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

## I.  INTRODUCTION

In a final decision, the Merit Systems Protection (Board) affirmed a decision of the Office of Personnel Management (OPM) ruling that Mr. Mouat's former spouse was entitled to twenty-eight percent of his monthly civil service retirement benefits.  <u>Mouat v. Office of Pers. Mgmt.</u>, No. DA-0831-01-0256-I-4 (MSPB March 4, 2004) (<u>Final Order</u>).  Because the Board and OPM calculated

the correct percentage of Mr. Mouat's retirement benefits to which Mrs. Mouat is entitled, this court <u>affirms</u>.

## II. BACKGROUND

On December 16, 1985, a final dissolution of marriage (Decree) was entered in the District Court, Tarrant County, Texas, in regard to James W. Mouat and Jo Ann Mouat, who married on September 1, 1964. The language of the Decree at issue states:

> 7. The Court finds that JAMES W. MOUAT is a participant in a retirement program from The National Archives. The Court further finds that the community interest in the monthly retirement benefit is 50%.
>
> IT IS ORDERED AND DECREED that JO ANN MOUAT shall have judgment and recover of and from JAMES W. MOUAT 50% of all monthly retirement benefits payable if, as and when the retirement is received by JAMES W. MOUAT, valued as of the date of the [sic] this Decree.
>
> IT IS FURTHER ORDERED AND DECREED that JAMES W. MOUAT is designated a constructive trustee for receiving his retirement, and Petitioner is ORDERED AND DECREED to directly pay the benefit defined above to Respondent within three days after receipt by Petitioner. All payments made directly to JO ANN MOUAT by The National Archives shall be a credit against this obligation.

Pet. App. Attach. C. OPM received a copy of the Decree on July 17, 1991. Mr. Mouat retired after completing 441 months of Federal service, effective January 1, 2000.

In a letter dated April 26, 2000, OPM informed Mr. Mouat of its intention to withhold twenty-eight percent of his retirement benefit based on the following calculation:

> By court order your former spouse's marital share of your retirement benefit is 50% of 247 months of service during the marriage divided by 441 months of Federal service or 28.00% of retirement benefit. The marital share times gross annuity benefit of $4,814.00 provides for a $1,347.92 monthly payment to your former spouse.

Pet. App. Attach. D. OPM did not cite a statute for authority for this calculation in the letter.

Mr. Mouat timely contested the $1,347.92 per month figure, arguing that the wording of the Decree dictated that his former spouse receive "$713.50 per month based upon the Movant's salary and the time of service as of December 16, 1985, that being the date on which the divorce decree was signed." Resp't Brief, at 2. Thus, Mr. Mouat asserts that his former spouse is entitled to fifty percent of his retirement benefits determined as if Mr. Mouat had retired on the date of the Decree, December 16, 1985. Mr. Mouat argues that, based on the language of the Decree, no part of the retirement benefits calculation should factor in post-divorce, pre-retirement accruals from the date of the divorce to the date of retirement.

On January 23, 2001, OPM rejected Mr. Mouat's appeal, concluding again that the Decree mandated that his former spouse receive twenty-eight percent of his total retirement benefits. Mr. Mouat then petitioned the Texas state court for an order clarifying the Decree. On August 27, 2001, Judge Harris of the Texas state court held a hearing on the matter and on December 18, 2001, signed an Order for Clarification and Enforcement, which stated:

> IT IS ORDERED that the terms of the Agreed Final Decree of Divorce signed by this Court on December 16, 1985 are <u>clear and specific and are not ambiguous</u>.

IT IS THEREFORE ORDERED that Movant's Motion for Clarification and Enforcement is DENIED.

Mouat v. Mouat, No. 233-086246 (D. Tex. Dec. 18, 2001) (order denying clarification and enforcement) (emphasis added).

Mr. Mouat next timely appealed to the Board. In a March 5, 2001, letter to Judge Cornelius of the Board, Gregory Stewart of OPM stated the basis for OPM's calculation:

> In accordance with Title 5, Code of Federal Regulations Part 838, Subpart J, Appendix A, I, C, 3, OPM interpreted the language in the divorce decree awarding Mrs. Mouat 50% of all monthly retirement benefits payable if, as, and when the retirement is received by James W. Mouat, valued as of the date of the [*sic*] this Decree as awarding her 28% of appellant's Civil Service annuity. The calculation is based on the formula 50% of 247 months of Federal service for appellant as [of] the date of divorce divided by appellant's total Federal service, 36 years, 9 months (441 months). Accordingly, OPM has withheld 28% of appellant's annuity for payment to his former spouse.

Pet. App. Attach. F. Several exchanges between Mr. Mouat and the Board followed. In an Initial Decision dated February 27, 2003, under Judge Cornelius, the Board affirmed OPM's determination that the Decree was a qualifying order under 5 C.F.R. §§ 838.1003 and 838.1004. Mouat v. Office of Pers. Mgmt., No. DA-0831-01-0256-I-4, slip op. at 5 (MSPB Feb. 27, 2003) (Initial Decision). The Board agreed with OPM that the Decree "implied that such payments would be made by OPM directly to [Mrs. Mouat] as reflected by the language, 'All payments made directly to JO ANN MOUAT by The National Archives shall be a credit against his obligation.'" Id. The Board noted that the Decree expressly

awarded a payment, in the form of a percentage of Mr. Mouat's retirement account, to his former spouse.

The Board also affirmed that Mrs. Mouat was to receive twenty-eight percent of Mr. Mouat's total retirement benefits, although the Board applied 5 C.F.R. § 838.621(c) to arrive at this percentage as opposed to 5 C.F.R. § 838(J), App. A I(C)(3) used by OPM.[*]

On March 4, 2001, the Board issued a Final Order, denying Mr. Mouat's petition for review and upholding the Initial Decision as final. This appeal followed.

### III. Analysis

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001). Although the Board and the OPM applied the wrong regulation in calculating the portion of Mr. Mouat's retirement to which Mrs. Mouat's entitled, the Board and OPM nonetheless arrived at the correct percentage. Because the Board's error was harmless, this court affirms.

Turning first to the question of whether the Decree was a "qualifying court order", this court agrees with the Board. Title 5 of the Code of Federal Regulations stipulates protocols OPM must undertake in analyzing court orders. Subpart A of Chapter 1 sets forth an important division among the rest of the

---

[*] The Board's Initial Decision states that OPM calculated the 28 percent withholding pursuant to 5 C.F.R. § 838.621(a), (c), slip op. at 3, but the letter from OPM to Mr. Mouat cites to 5 C.F.R. § 838(c), App. A I(C)(3), Resp't App. at 19.

subparts: different subparts apply depending on <u>when OPM received</u> a court order. 5 C.F.R. § 838.101(c); <u>see also</u> <u>Perry v. Office of Pers. Mgmt.</u>, 243 F.3d 1337, 1343-1344 (Fed. Cir. 2001) ("The 1992 amendments of [Title 5 of the C.F.R.] specify which portions apply retroactively and which prospectively."). This statute guides the analysis of the Board's decision in this case:

> (c)(1) Subparts A through I of this part apply only to court orders received by OPM on or after January 1, 1993.
>
> (2) Subpart J of this party applies only to court orders received by OPM before January 1, 1993.

5 C.F.R. § 838.101. As noted in <u>Perry</u>, "[T]he regulation states that Subpart J 'contains the rules applicable to court orders filed under procedures in effect prior to the implementation of this part. These rules continue to apply to court orders received by OPM before January 1, 1993.' 5 C.F.R. § 838.102(a)(6)." 243 F.3d at 1343. OPM received the Decree on December 17, 1991. Thus, Subpart J of § 838 (that is, § 838.1001-18 and Appendices A and B) govern the analysis of the Decree.

According to § 838.1003, a court order must meet the requirements of § 838.1004 to be a "qualifying court order." Section 838.1004 states:

> (a) A former spouse is entitled to a portion of an employee's retirement benefits only to the extent that the <u>division of retirement benefits is expressly provided</u> for by the court order. The order must divide employee benefits, award a payment from employee retirement benefits, or award a former spouse annuity.
>
> (b) The court order must state the former spouse's share as a <u>fixed amount, a percentage or a fraction of an annuity</u>, or by a formula that does not contain any variables whose value is not readily ascertainable from the face of the order or normal OPM files.

(c)(1) For purposes of payments from employee retirement benefits, OPM will <u>review court orders as a whole to determine whether the language of the order shows an intent by the court that the former spouse should receive a portion of the employee's benefit directly from the United States</u>. (i) Orders that direct or imply that OPM is to make payment of a portion of employee retirement benefits, or are neutral about the source of payment, will be honored unless the retiree can demonstrate the order is invalid in accordance with § 838.1009.

(Emphasis added.) The Board correctly found that the Decree "expressly awarded a payment from employee retirement benefits to the appellant's former spouse and stated a percentage of the annuity to be awarded." <u>Initial Decision</u>, slip op. at 5. The Board also found that "[a]lthough the order did not specifically direct OPM to make payments directly to the appellant's former spouse . . . the order implied that such payments would be made by OPM directly to her as reflected by the language, 'All payments made directly to JO ANN MOUAT by The National Archives shall be a credit against this obligation.'" <u>Id.</u> This is reasonable reading of the Decree. Consequently, substantial evidence supports the Board's finding that the Decree meets the requirements of § 838.1004 and is a qualifying court order.

Under 5 U.S.C. § 8345(j)(1), annuity payments otherwise payable to a retired employee "shall be paid (in whole or in part) by the [OPM] to another person if and to the extent expressly provided for in the terms of—(a) any court decree of divorce, annulment, or legal separation." Appendix A to 5 C.F.R. § 838(J) sets forth "guidelines explain[ing] the interpretation that [OPM] will place on terms and phrases frequently used in dividing benefits. These guidelines are intended not only for the use of the OPM, but also for the legal community as a

whole, with the hope that . . . the resulting orders will be more carefully drafted, using the proper language to accomplish the aims of the court."

The controlling language of the Decree is:

> 7. IT IS ORDERED AND DECREED that JO ANN MOUAT shall have judgment and recover of and from JAMES W. MOUAT 50% of all monthly retirement benefits payable if, as and when the retirement is received by JAMES W. MOUAT, valued as of the date of the [sic] this Decree.

Pet. App. Attach. C. Because the Decree specifically awards to Mrs. Mouat fifty percent of the value of Mr. Mouat's retirement as of the date of the Decree, the proper calculation is set forth in 5 C.F.R. § 838(J), App. A I(D) for "[a]nnuity as of a date before retirement" rather than 5 C.F.R. § 838(c). This regulation requires the OPM to award "a portion of the annuity equal to the monthly annuity rate at the time of retirement times a fraction, the numerator of which is the number of months of 'creditable service' or service worked as of the date specified and the denominator of which is the number of months of 'creditable service' or service worked used in the retirement computation." 5 C.F.R. § 838(J), App. A I(D). Applying this regulation, Mrs. Mouat is entitled to a portion of Mr. Mouat's retirement benefits equal fifty percent times the 247 months of service divided by 441 months of service, or twenty-eight percent.

Because the Board's error was harmless in calculating the Mr. Mouat's entitlement to Mr. Mouat's retirement benefits, the Board's decision is affirmed.

04-3245                                    8