NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3216

DONALD L. BAKER,

Petitioner,

v.

DEPARTMENT OF AGRICULTURE,

Respondent.

_____

DECIDED: April 8, 2005

_____

Before MICHEL, Chief Judge, RADER, and LINN, Circuit Judges.

RADER, Circuit Judge.

## I. INTRODUCTION

The Merit Systems Protection Board (Board) found that evidence did not support Mr. Baker's allegation that he was terminated in reprisal for whistleblowing activity. Baker v. Dep't of Agriculture, No. DA-1221-02-0419-W-1 (M.S.P.B. Dec. 12, 2002) (Initial Decision); Baker v. Dep't of Agriculture, No. DA-1221-02-0419-W-1 (M.S.P.B. Mar. 10, 2004). Because the Board correctly applied whistleblower protection law, this court affirms.

## II. BACKGROUND

On May 20, 2001, Mr. Baker received a temporary, part-time appointment as a Soil Scientist for the Hydraulic Engineering Research Unit at the Plant

Sciences and Water Conservation Research Laboratory in Stillwater, Oklahoma. Mr. Darrel Temple, his supervisor, assigned Mr. Baker to a scientific project. Mr. Baker was terminated after an incident involving an inappropriate reaction to the misdelivery of a personal order by the United Parcel Service ("the UPS incident"). On February 3, 2002, Mr. Baker filed a complaint with the Office of Special Counsel (OSC), asserting that he had been terminated for disclosing protected information under 5 U.S.C. § 2302(b) (2000). See also Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified throughout 5 U.S.C.) (WPA). Specifically, Mr. Baker claimed he was terminated because he disclosed to Mr. Temple that certain methods used in the project were flawed. Mr. Baker also claimed that his termination was in reprisal for disclosing, in connection with the UPS incident, that the Research Laboratory facility lacked adequate street address markings, which could delay the arrival of emergency vehicles. OSC determined Mr. Baker had not engaged in protected whistleblowing activity.

Mr. Baker filed an appeal to the Board under 5 U.S.C. § 1221(a) and 5 C.F.R. §§ 1209.1-1209.4 (2005). With respect to Mr. Baker's disclosures to Mr. Temple regarding the project's allegedly flawed methods, the Board concluded that the WPA does not apply where an employee makes complaints to his own supervisor about that supervisor's conduct. Huffman v. Office of Pers. Mgmt, 263 F.3d 1341, 1348-50 (Fed. Cir. 2001). Thus, these disclosures did not constitute protected whistleblowing activity under 5 U.S.C. 2302(b)(8). The Board decided that Mr. Baker's disclosures concerning the laboratory's improper street markings were, on the other hand, covered by this statute because the

information dealt with "a substantial and specific danger to public health or safety." Initial Decision, slip op. at 7. After reviewing the record of Mr. Baker's employment, the Board found that the only protected disclosure, that of the inadequate street markings, was not a contributing factor in the termination decision.

### III. Analysis

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt, 243 F.3d 1375 (Fed. Cir. 2001).

The WPA permits an employee to seek corrective action from the Board in connection with certain personnel actions allegedly taken, not taken, or threatened, in reprisal for engaging in protected whistleblowing, as defined by 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a) (2000). However, the scope of protected disclosures is limited. Huffman, 263 F.3d at 1349-50.

Two grounds for the limitation of scope in Huffman are pertinent here: (1) complaints made to a supervisor regarding the supervisor's actions are not "disclosures," as the supervisor necessarily is aware of his own conduct; and (2) the purpose of the WPA, to encourage disclosures to persons who will be in a position to act to remedy the wrong, is not supported when the wrongdoer is told of the wrong as the wrongdoer is not in the proper position to effect a remedy. 263 F.3d at 1348-50.

04-3245                                          3

Mr. Baker's complaints to Mr. Temple are similar to the complaints considered in <u>Willis v. Dep't of Agriculture</u>, 141 F.3d 1139, 1143 (Fed. Cir. 1998). There, Willis did "no more than voice his dissatisfaction with his superiors' decision," and the WPA was found to not be applicable. <u>Huffman</u>, 263 F.3d at 1349. While Mr. Baker's dissatisfaction arose from possible error in a scientific project that could pose a danger to public safety, it falls into the unprotected disagreements category described in <u>Huffman</u> and its predecessors. The Board did not err in finding that these disclosures are not protected by the WPA.

Turning to the street markings complaint, this court agrees with the Board that the WPA does protect such a disclosure. Mr. Baker's job did not entail making such observations about the facility, and he told the proper agency officials about the problem. However, the Board found no evidence suggesting Mr. Baker was terminated as a reprisal for disclosing this information. Because the Board's evaluation of Mr. Baker's complaints was in accordance with the law, the Board's decision is affirmed.