NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3124

WILLIAM F. HART, JR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  August 5, 2005

_____

Before NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and RADER, <u>Circuit Judge</u>.

RADER, <u>Circuit Judge</u>.

The Merit Systems Protection Board (Board) dismissed as untimely Mr. William F. Hart, Jr.'s appeal of a reconsideration decision by the Office of Personnel Management (OPM) reducing his annuity benefits.  <u>See</u> <u>Hart v. Office of Pers. Mgmt.</u>, No. DA-083109409457-I-1 (M.S.P.B. Jan. 27, 2005) (<u>Final Decision</u>).  Because Mr. Hart's claim is barred under 5 C.F.R. § 1201.22(b) as untimely and the Board did not abuse its discretion in denying waiver of the filing deadline, this court <u>affirms</u>.

BACKGROUND

Mr. Hart, a veteran, receives a civil service retirement annuity that previously included compensation for post-1956 military service.  On or about May 21, 2003,

however, OPM advised Mr. Hart that his post-1956 military service would no longer be included in the computation of his civil service retirement annuity in part because he had reached the age of sixty-two and became eligible for Social Security benefits. Hart v. Office of Pers. Mgmt., No. DA-0831-04-0457-I-1 (M.S.P.B. June 10, 2004) (Initial Decision). Mr. Hart requested that the OPM reconsider its initial decision. On June 17, 2003, OPM simply re-affirmed its initial decision. Id. at 2. Unsatisfied with that decision, Mr. Hart filed the instant appeal with the Board on April 29, 2004. The Board did not reach the merits of Mr. Hart's case, however, because the appeal was untimely. Mr. Hart now appeals the Board's decision to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001).

As an initial matter, Mr. Hart has not contested notice of the time limit for filing an appeal. Thus, the present case involves only the rules for timely filing with the Board. In his appeal to the Board, Mr. Hart acknowledged receipt of OPM's reconsideration decision on September 4, 2003. Initial Decision at 3. Thus, Mr. Hart should have appealed by October 4, 2003, thirty days after receipt of OPM's reconsideration decision. See 5 C.F.R. § 1201.22(b) (current through July 1, 2005) ("[A]n appeal must be filed no later than . . . 30 days after the date of receipt of the agency's decision").

The appeal was not filed, however, until April 29, 2004, nearly seven months after the October 4, 2003 deadline. Initial Decision at 2.

While Mr. Hart's appeal was untimely, the thirty day time limit may be waived in the event of good cause. Initial Decision at 3. See 5 C.F.R. §§ 1201.12, 1201.22(c); Alonzo v. Dept. of Air Force, 4 M.S.P.R. 180 (1980) (addressing whether good cause was shown to justify a waiver of the Board's time limit for filing an appeal). Mr. Hart argues that his untimeliness is excusable because he was not informed of the amount of deposit he would have to pay to avoid the exclusion of his post-1956 military service from his annuity computation until April 28, 2004. Initial Decision at 4-5. Contrary to Mr. Hart's assertions, this argument is relevant to the merits of Mr. Hart's case (i.e., whether the regulatory deadline *for making the deposit* should be waived), but not relevant to excusing the deadline *for filing an appeal* with the Board. Initial Decision at 5. Thus, Mr. Hart's lack of notice as to the amount of deposit does not warrant waiver of his untimeliness.

In addition to considering Mr. Hart's "amount of deposit" notice argument, the administrative law judge that initially heard Mr. Hart's appeal also duly considered the length of Mr. Hart's delay in filing, Mr. Hart's pro se status throughout the process, and Mr. Hart's knowledge of the Board's filing deadlines. Initial Decision at 5. The administrative law judge's findings of fact were well reasoned, supported by the evidence, and certainly do not constitute clear error. Thus, this court cannot say that the Board abused its discretion in denying waiver of the filing deadline in this case. The decision is hereby affirmed.