NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3222

GREGORY A. MILLER,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  January 13, 2006

_____

Before RADER, SCHALL, and DYK, <u>Circuit Judges</u>.

RADER, <u>Circuit Judge</u>.

The Merit Systems Protection Board (Board) dismissed Mr. Gregory A. Miller's appeal of his removal from the position of motor vehicle operator with the Department of the Army's Directorate of Public Works and Logistics at Fort Myer, VA (Agency) as barred by a March 9, 2004 settlement agreement.  <u>See</u> <u>Miller v. Dep't of Army</u>, DC-0752-04-0209-I-1 (M.S.P.B. Sept. Mar. 15, 2004) (<u>Board Decision</u>).  Because Mr. Miler has not challenged the Board's findings, this court <u>affirms</u>.

## BACKGROUND

On September 24, 2003, a random drug test on Mr. Miller came back with a positive reading for marijuana.  Because the positive reading violated the Agency's

drug-free workplace policy, the Agency removed Mr. Miller from his position. Mr. Miller appealed his removal to the Board.

On February 25, 2004, the administrative judge held a pre-hearing tele-conference with Mr. Miller's union representative, Larest Hill, and the Agency. Miller v. Dep't of Army, DC-0752-04-0209-I-1 (M.S.P.B. Feb. 25, 2004) (Prehearing Conference). During this teleconference, the Agency refused to offer Mr. Miller "a last chance agreement under which [he] could be returned to duty with random drug testing and a waiver of appeal rights." Id. However, the Agency did agree to enter into a settlement agreement with Mr. Miller that would allow him to resign with a clean record. Id. Thereafter the parties entered into that settlement agreement, a signed copy of which appears in the Board record. Board Decision, slip op. at 1.

Because the settlement agreement disposed of Mr. Miller's case, the administrative judge dismissed the appeal. Id., slip op. at 1-2. In so holding, the administrative judge noted:

> I have reviewed the agreement, and I am satisfied that it is lawful on its face, that it was freely reached by the parties, and that the parties understand the terms of the agreement.

Id. After the full Board declined to reconsider the administrative judge's initial decision, see Miller v. Dep't of Army, DC-0752-04-0209-I-1 (M.S.P.B. Apr. 18, 2005), the present appeal followed.

## DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001).

The present case turns on whether the parties entered into a valid settlement agreement. In this regard, Mr. Miller does not challenge the validity of the settlement agreement or interpret the agreement as inadequate to dispose of this case. See Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1468 (Fed. Cir. 1998) (holding a petitioner bears a heavy burden in attacking the validity of a settlement agreement). Rather, Mr. Miller asserts the Board did not take into consideration his argument that he was going to resign for health and stress issues. Because this assertion is not a challenge to the settlement agreement itself, the basis for the Board's opinion, this court cannot say the Board erred in dismissing Mr. Miller's appeal.

For the aforementioned reasons, the decision of the Board is affirmed.