NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3386

WILLIAM W. TRUXES,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

—————————————————

DECIDED:  February 14, 2006

—————————————————

Before LOURIE, RADER, and DYK, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) affirmed the Department of the Air Force's (Agency) decision to remove William W. Truxes from his position as an Electronics Engineer in the Software Engineering Division at the Hill Air Force Base. See Truxes v. Dep't of Air Force, DE-0752-04-0118-I-1 (M.S.P.B. Oct. 21, 2004) (Board Decision).  Finding no reversible error, this court affirms.

BACKGROUND

On August 19, 2003, Mr. Truxes was tasked with ensuring that certain software programs could be tested on an automated testing system the Agency had adopted. Id. at 3.  Mr. Truxes was instructed to complete the project by October 9, 2003, and to provide weekly progress updates to his direct supervisor, Mr. Chuck McPhee. Id.

Despite these instructions, Mr. Truxes did not provide any progress updates to Mr. McPhee, nor did he complete the project on time. Id. Thus, Mr. McPhee reassigned the project to another engineer and initiated a review of the work Mr. Truxes billed to the project. Id.

Ultimately, Mr. McPhee concluded that Mr. Truxes's work on the project involved simple cosmetic changes, inconsistent with the approximately 170 hours he billed to the project. Id. at 3-4. The large number of hours billed by Mr. Truxes was particularly bothersome in light of a lower grade engineer's ability to complete the project from scratch in less than 40 hours. Mr. McPhee thus issued a Notice of Proposed Removal to Mr. Truxes for: (1) misrepresenting the hours spent on assigned work; and (2) failing to carry out assigned work.

Mr. Truxes did not respond to the Notice of Proposed Removal, which was subsequently adopted by the Deciding Official at the Agency. However, Mr. Truxes did appeal the Agency's ultimate removal decision to the Board, but was unsuccessful in convincing the Board to overturn it. Id. at 8.

DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence. See 5 U.S.C. § 7703(c) (2000); Marino v. Office of Pers. Mgmt., 243 F.3d 1375 (Fed. Cir. 2001).

In this case, Mr. Truxes alleges that substantial evidence does not support the Board's decision with respect to either charge. Mr. Truxes first argues that he did not make significant changes to the code because he sought instead a hardware remedy

that, if it had been successful, would have made it unnecessary to make changes in a large number of programs (a "global" solution). Board Decision, slip op. at 4. When the Agency did not discredit his "global" solution before the Board, Mr. Truxes assumed "[he] has been punished for showing initiative." Appellant's Pet. For Review & Req. To Reopen 4 (Nov. 23, 2004). To the contrary, the administrative judge properly rejected Mr. Truxes's "global" solution argument in light of the evidence of record:

> First, [the testimony of record demonstrated that Mr. Truxes] was never given the assignment to seek a global resolution. Second, [Mr. Truxes] admits that he never sought permission to accomplish such an assignment and never apprised . . . any supervisor of his more global approach to the problem. . . . Third, and perhaps most significantly, the record is devoid of any work product establishing that he spent significant time in search of such a global resolution. . . . Finally, I find speculative, at best, [Mr. Truxes'] assertion that confirming materials must have been taken by unknown parties (and for unknown reasons) from the library where he had deposited them.

Id. at 6.

Mr. Truxes next argues that "[the] preponderance of the evidence does not show that [he] intentionally failed to complete the project or intentionally misrepresented his hours." Appellant's Pet. For Review & Req. To Reopen 3 (Nov. 23, 2004) (emphasis added). This argument fails for at least two reasons. First, the charge of failing to carry out the work as directed does not contain an intent requirement. As summarized by the administrative judge:

> In sum, the findings . . . show that the agency has proven the failure-to-complete-the-assignment-within-the-allotted-hours charge by a preponderance of the evidence. This is so because the agency has established that a clear assignment/instruction was given, it was reasonable to expect [Mr. Truxes] to complete the assignment within the 30-day period, and he failed to do so.

Board Decision, slip op. at 6 (emphasis added). Thus, Mr. Truxes's intent is immaterial as to at least one of the two charges.

05-3386                                          3

Second, the evidence of record clearly supports the conclusion that Mr. Truxes was aware of the project requirements, that he did not complete the project within the allotted hours, and that he intentionally misrepresented the number of hours he spent working on the project. Specifically, Agency witnesses testified that:

> 1) over [their] tenure [Mr. Truxes] had shown himself to be a knowledgeable and competent journeyman engineer; 2) assignment no. 0059 was a moderate to simple task that could easily be accomplished in 30 days; 3) [Mr. Truxes'] work product revealed that he had made only minor/cosmetic changes to the . . . software that should have taken less than one day to accomplish; 4) [Mr. Truxes] never indicated that he was having any problems with the project; and 5) the new GS-7 grade level engineer to whom assignment no. 0059 was reassigned finished the assignment within 40 work hours.

Board Decision, slip op. at 5-6 (citations to the record omitted). Notably, the administrative judge found these Agency witnesses more credible than Mr. Truxes. King v. Dep't of Health & Human Serv., 133 F.3d 1450, 1452 (Fed. Cir. 1998) ("an evaluation of witness credibility is within the discretion of the board," [and therefore], "such evaluations are 'virtually unreviewable' on appeal.").

Based on this testimony and the lack of evidence demonstrating Mr. Truxes worked on a "global" solution, the record suggests that he did not complete the project within the allotted hours and could not reasonably have spent the 170 hours he billed to the project. In addition, the record supports the inference that Mr. Truxes overstated the hours spent on the project. After all, the junior engineer took only 40 hours to finish the project. Thus, substantial evidence supports the Board's conclusion on both charges.