Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3023


BETTIE A. BROWN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.


Bettie A. Brown, of Fairfield, California, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Steven J. Gillingham, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3023

BETTIE A. BROWN

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF844E060841-I-1.

_____

DECIDED: April 11, 2008

_____

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge and MOORE, Circuit Judge.

PER CURIAM.

Bettie A. Brown appeals the final order of the Merit Systems Protection Board denying her petition for review of the initial decision regarding her application for disability retirement under the Federal Employees' Retirement System ("FERS"). Brown v. Office of Pers. Mgmt., No. SF-844E-06-0841-I-1 (Sept. 10, 2007). The board concluded that there was no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation affecting the outcome. Id.; 5 C.F.R. § 1201.115(d). We affirm.

Brown is employed as a Contract Representative with the Internal Revenue Service in Oakland, California. She applied to the Office of Personnel Management ("OPM") for disability retirement on October 1, 2005, and her application was denied on August 9, 2006, for lack of medical evidence showing she was disabled from performing the duties of her current position. She appealed OPM's denial of her application to the board on August 21, 2006, which affirmed the decision, citing her failure to demonstrate that her claimed disabilities preclude performance of her job duties.

The scope of our review in an appeal from a decision of the board is limited. Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Our scope of review of disability retirement determinations under FERS is even more limited. OPM decisions regarding disability retirement under FERS are "final and conclusive and are not subject to review." 5 U.S.C. § 8461(d). Given OPM's statutory authority, this court is barred from reviewing the substantive merits or factual underpinnings of disability determinations. Gooden v. Office of Pers. Mgmt., 471 F.3d 1275, 1278 (Fed. Cir. 2006). We may, however, review whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Marino v. Office of Pers. Mgmt., 243 F.3d 1375, 1377 (quoting Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 626 (Fed. Cir. 1995)) (internal quotation marks omitted).

Brown argues that the board erred in failing to find her disabled from her current position because of, <u>inter alia</u>, physician assessments that she suffers from back pain due to arthritis and degenerative disc disease.  In support, she includes a physician's letter dated after the board's final decision was issued.  Even if it was within our review authority, we could not consider new evidence on appeal that was not before the board.  She also argues that her award of disability benefits by the Social Security Administration should factually determine her eligibility for disability retirement, although the Social Security letter awarding benefits did not specify a disability or provide an explanation for its award.  OPM and the board met their obligation to consider the award of Social Security benefits in reaching the disability determination under FERS; they were under no compulsion, however, to arrive at a finding of disability.  <u>Trevan v. Office of Pers. Mgmt.</u>, 69 F.3d 520, 522, 526 (Fed. Cir. 1995).

In sum, Brown asserts that the board should have found her disabled for purposes of disability retirement under FERS based on the evidence she presented.  Because we lack jurisdiction to review the factual underpinnings of disability determinations, and we detect no departure from procedural rights, no misconstruction of the governing legislation, and no error going to the heart of the administrative determination, the decision of the board must stand.