**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENASHA SYMONETTE,<br>              Appellant, | DOCKET NUMBER<br>AT-0752-24-0706-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>              Agency. | DATE:  April 24, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark J. Berkowitz, Esquire, Fort Lauderdale, Florida, for the appellant.

Douglas Seth Goldring, Washington, D.C., for the agency.

Jolene Harcrow and Colleen Berry, Esquire, Stockton, California,
    for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal for failure to meet a condition of employment.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The following facts are undisputed.  On May 21, 2021, the agency appointed the appellant to the position of GL-07 Correctional Officer, subject to successful completion of its Introduction to Correctional Techniques II training course.  Initial Appeal File (IAF), Tab 5 at 86-94.  This 3-week training course includes three components—firearms proficiency, physical abilities, and job knowledge.  *Id.* at 92.  Successful completion of the course requires that the trainee demonstrate proficiency in all three areas by achieving certain test scores.  *Id.* at 74-75, 92.  The physical portion of the course is known as the Physical Ability Test (PAT), and it consists of five events—a dummy drag, a ladder climb, a quarter mile run and cuff, and a stair climb.  *Id.* at 74-75.  Each of these five events has its own benchmark, and the trainee will either pass or fail the PAT based on a composite score of the five events.  *Id.* at 74-75, 102.  If the trainee fails to pass the PAT on the first attempt, she will have the opportunity to take one retest, normally within 24 hours.  *Id.* at 102.

Shortly after her appointment, and before she was scheduled to attend Introduction to Correctional Techniques II, the appellant was injured in a June 19, 2021 off-duty motor vehicle accident.[2]  For several years following the accident, the agency carried the appellant variously in leave and modified duty status, and she did not undergo the PAT during that time.  IAF, Tab 31-1, Hearing Recording Track 1 (HR-1) at 50:45 (testimony of the Warden), Tab 31-2, Hearing Recording Track 2 (HR-2) at 4:55 (testimony of the Warden), 31:50 (testimony of the appellant).  On January 2, 2024, the appellant certified that she was able to fully participate in the PAT, and she was medically cleared to do so.  *Id.* at 10.  On January 31, 2024, the appellant underwent the PAT at the agency's Federal Law Enforcement Training Center in Glynco, Georgia, but she did not pass.  The appellant made a second attempt on February 1, 2024, but again she did not pass.  IAF, Tab 27 at 11; HR-2 at 32:50 (testimony of the appellant).

On March 19, 2024, the agency proposed the appellant's removal on the basis that she did not successfully complete the PAT and therefore did not successfully complete Introduction to Correctional Techniques II.  IAF, Tab 5 at 31-34.  After the appellant responded orally and in writing, the agency issued a decision sustaining the charge and removing her effective June 14, 2024.  *Id.* at 20-29.

The appellant filed a Board appeal, contesting the merits of her removal and raising affirmative defenses of harmful error, disability discrimination, and violation of due process.  IAF, Tab 1, Tab 28 at 3-4.  After a hearing, the administrative judge issued an initial decision sustaining the removal.  IAF, Tab 34, Initial Decision (ID).  He found that the agency proved its charge, that removal promoted the efficiency of the service, and that the appellant did not prove any of her affirmative defenses.  ID at 5-13.

---

[2] Eventually, in January 2023, the appellant underwent hip replacement surgery related to the injuries that she sustained in the accident.  IAF, Tab 5 at 29.

The appellant has filed a petition for review, contesting the administrative judge's findings and credibility determinations. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

As set forth above, the agency charged the appellant with failing to pass the PAT and thereby failing to pass Introduction to Correctional Techniques II. IAF, Tab 5 at 30. The administrative judge interpreted this as a failure to meet a condition of employment charge. IAF, Tab 28 at 1. We agree with that interpretation, and neither party contests it. To prove a charge of failure to meet a condition of employment, the agency must prove that 1) the requirement at issue is a condition of employment, and 2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, 352, ¶ 6 (2014).

In this case, it is undisputed that passing Introduction to Correctional Techniques II, including the PAT portion, is a condition of the appellant's continued employment as a Correctional Officer, and that the appellant did not pass the PAT. IAF, Tab 28 at 10; *see Swift v. Office of Personnel Management*, 48 M.S.P.R. 441, 445 (1991) ("[A] stipulation is sufficient to prove the fact alleged."). Nevertheless, the appellant alleged that she sustained an injury during her second attempt at the PAT, which prevented her from completing it successfully. She argued that the agency should therefore have allowed her to attempt it again after recovering from her injury. IAF, Tab 16 at 4-5. Indeed, the agency's Employee Development Manual provides that, if an employee has a temporary medical condition, such as an injury, that prevents her from completing the PAT, a Human Resources Manager will request a waiver until such time as the employee has recovered. IAF, Tab 5 at 75. The administrative judge, however, did not credit the appellant's testimony that she failed to pass the second PAT attempt because of an injury that she suffered during the test. ID

at 6.  Specifically, he found that the appellant did not notify the agency of her alleged injury immediately after learning that she had failed the PAT even though she had the opportunity to do so, and he found that the appellant's explanation for not informing the agency shifted between direct examination and cross-examination.  *Id.*

On petition for review, the appellant disputes this finding.  Later in the day after her PAT retest, the appellant received an exit interview form notifying her that she had not passed.  IAF, Tab 27 at 11.  She signed and returned the form, noting that she had given her "blood, sweat, and tears."  *Id.*  The appellant argues that, in the context of her known hip condition, this notation indicates physical distress consistent with the exacerbation of that injury during the PAT.  PFR File, Tab 1 at 3.  We disagree.  The Board takes notice that "blood, sweat, and tears" is a common idiom that indicates great effort and sacrifice.  We do not think that it would be reasonable to interpret the appellant's notation as a covert disclosure of injury.

The appellant further argues that the administrative judge failed to account for her testimony that the agency rushed her home on a flight early in the morning of February 2, 2024, thereby limiting her ability to report her injury or seek medical attention.  PFR File, Tab 1 at 4.  However, the administrative judge did address this testimony and found that it did not account for the appellant's failure to report her injury when it happened.  ID at 5-6.  We agree.  It would have taken only a moment for the appellant to report her injury, and if she wished, request medical attention.  At a minimum, the appellant had several hours to do so between the time of her alleged injury and the time of her flight, and her failure to do so strongly suggests that she did not actually incur an injury.

The appellant also disputes the administrative judge's determination that her testimony was not credible in this regard.  She states that the administrative judge's "vague assertion of a 'material shift' lacks specificity and does not justify overriding [the a]ppellant's consistent injury narrative across her [workers'

compensation] claim, written reply, and testimony." PFR File, Tab 1 at 4. We disagree. On direct examination, the appellant testified that she did not have a sufficient opportunity to report her injury while she was still at the Training Center, HR-2 at 43:20 (testimony of the appellant), but after agency counsel pointed out that the appellant had an opportunity to do so on her exit interview form, the appellant stated that she did not know she had to report the injury before she left, *id.* at 48:15 (testimony of the appellant). We agree with the administrative judge that this shift in explanations detracts from the appellant's credibility. *See Furlough v. Department of the Army*, 39 M.S.P.R. 122, 125 & n.3 (1988) (finding that internal inconsistencies in witness testimony were relevant to the issue of credibility).

Moreover, we do not agree with the appellant that, even after returning from the Training Center, she was entirely consistent about the nature of her injury. On her workers' compensation forms, the appellant indicated that she had injured her hip and her knee during the PAT, IAF, Tab 27 at 6, 8, but in her first written response to the notice of proposed removal, the appellant did not claim an injury; she merely stated that her "body wasn't just yet ready for the course," IAF, Tab 5 at 29. In her second written response to the proposal, the appellant indicated that she suffered a knee injury during the PAT, but she did not state that she had also injured her hip. IAF, Tab 24 at 9. Finally, at the hearing, the appellant testified that she broke a fall on her knee so that she would not reinjure her hip. HR-2 at 33:30 (testimony of the appellant). We do not find that these various accounts are clear and consistent, and they certainly do not provide a sufficiently sound reason to disturb the administrative judge's demeanor-based credibility determination. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and that the Board

may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

The appellant further argues that the agency should not have cleared her to participate in the PAT without reevaluating her physical capacity after her hip surgery. PFR File, Tab 1 at 4. This argument, however, presupposes that the appellant failed the PAT because of an acute injury during the PAT. For the reasons explained above and in the initial decision, the record does not support such a conclusion. For these reasons, we agree with the administrative judge that the agency proved its charge.

Moving on to the appellant's affirmative defenses, she argues that the agency committed harmful error by failing to investigate her injury or offer her a retest after her injury. PFR File, Tab 1 at 5-6. Again, this argument is based on the premise that the appellant actually suffered an injury during the PAT, which as explained above, we find insufficient evidence to support. Furthermore, the record shows that the agency's policy on retesting due to injury requires that the employee notify training staff of the injury when it happens and not wait until several months have gone by to claim an injury for the first time. HR-1 at 37:00, 40:10 (testimony of the Director of the Staff Training Academy). We therefore find that the agency did not commit procedural error in not offering the appellant a retest.[3]

The appellant also argues that the agency committed harmful error by failing to engage in the interactive process. She states that the administrative judge erred as a matter of law by reframing this claim as a Rehabilitation Act issue. PFR File, Tab 1 at 5. We, however, agree with the administrative judge that this is essentially a failure to accommodate claim, which has its own

---

[3] The appellant also argues that the agency violated her due process rights by not investigating her injury claim or offering her a retest. This argument does not implicate due process concerns. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985) (explaining that due process of law entails notice and an opportunity to respond prior to deprivation of property interest in employment).

analytical framework established by law. ID at 7. We therefore address the appellant's argument in the context of her disability discrimination claim below.

The appellant has raised a disability discrimination claim under a failure to accommodate theory, and possibly also under a status-based theory. IAF, Tab 28 at 3-4. However, to prevail on a disability discrimination claim under either theory, an appellant must prove that she is a "qualified" individual with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. "A qualified individual with a disability is one who can 'perform the essential functions of the . . . position that such individual holds or desires' with or without reasonable accommodation." *Id.* (quoting 42 U.S.C. § 12111(8)). In this case, the administrative judge found that, even if the appellant fit the definition of "disabled," she did not fit the definition of "qualified."[4] ID at 11-12. Specifically, he found that, because the appellant did not pass the PAT, which was a condition of her employment, and because the appellant never actually performed the essential functions of a Correctional Officer, she cannot show that she was qualified for the position. *Id.*

On petition for review, the appellant argues that she was qualified because she could have passed the PAT with a reasonable accommodation, such as a retest after an opportunity for rest and rehabilitation. PFR File, Tab 1 at 5. However, reasonable accommodation is prospective in nature, and the appellant may not wait to request testing accommodations until after she has already failed the PAT. *See Purcell v. Department of Veterans Affairs*, EEOC Request No. 05970773, 1999 WL 448126, at *2 (June 24, 1999). Furthermore, indefinite modified duty is not a reasonable accommodation because it would not allow the appellant to

---

[4] On review, the appellant argues that she meets the definition of "disabled" under the "actual disability," "record of," and "regarded as" prongs of 29 C.F.R. § 1630.2(g)(1). PFR File, Tab 1 at 4-5. However, because the appellant was not qualified, these arguments are immaterial to the outcome of the appeal. *See Haas*, 2022 MSPB 36, ¶¶ 28, 30.

perform the essential functions of a position. *Marino v. Office of Personnel Management,* 243 F.3d 1375, 1377 (Fed. Cir. 2001).

In any event, the administrative judge's analysis is supported by the law. The appellant does not suggest, and we see no reason to conclude, that the requirements of Introduction to Correctional Techniques II, including the PAT, are not job-related or consistent with business necessity. That being the case, the appellant "failed to show that she was qualified in that she failed to meet the agency's qualification standard in the form of the PAT." *Honer v. Department of Justice*, EEOC Appeal No. 0120093043, 2010 WL 332071, at *4 (Jan. 14, 2010). Nor does the record show that the appellant ever, at any point, performed the essential functions of the Correctional Office position. *Cf. Shon T. v. Department of Commerce*, EEOC Appeal No. 2020000125, 2020 WL 7014960, at *6 (Nov. 18, 2020) (explaining that an employer may not deny reasonable accommodation solely on the basis of an individual's probationary status, and that a probationer may prove that she is "qualified" for the position by performing its essential functions for a significant amount of time). Because the appellant was never qualified for the Correctional Officer position, the agency had no duty under the Rehabilitation Act to accommodate her by reassignment. *See id.*

Although the appellant was not a qualified individual with a disability, we agree with her that the agency still had an obligation to consider reassignment as part of its penalty analysis. PFR File, Tab 1 at 5; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). However, the record shows that every individual working inside a prison facility, including physicians and chaplains, is required to pass a PAT, and an employee who cannot pass a PAT is not eligible for such reassignment. HR-1 at 46:20, 52:30 (testimony of the Warden). We see no basis to disturb the agency's penalty determination.

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.