NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3387

FRANK E. MARINO,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 18, 2005

_____

Before NEWMAN, CLEVENGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Frank E. Marino seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely.  <u>Marino v. Office of Pers. Mgmt.</u>, No. DA844E0317-M-1 (June 7, 2004).  We <u>affirm</u>.

I

Mr. Marino came to this court previously, arguing that the Board had committed error in reviewing the decision of the Office of Personnel Management ("OPM") denying his application for disability retirement.  We agreed with Mr. Marino and remanded the case to the Board for further proceedings under the correct legal standard.  This much is explained in <u>Marino v. Office of Personnel Management</u>, 243 F.3d 1375 (Fed. Cir. 2001).

On remand to the Board, the administrative judge assigned to the case again held that OPM correctly denied Mr. Marino's application for disability retirement. See Marino v. Office of Pers. Mgmt., No. DA844E0317-M-1 (Nov. 14, 2001). The initial decision of the administrative judge stated that Mr. Marino could file a petition for review ("PFR") with the full Board, and if he elected that course, his PFR must be filed no later than December 19, 2001, the date upon which the initial decision would become final. Mr. Marino was also advised that he could bypass the full Board and seek review directly in this court, provided his petition for review to this court was filed no later than 60 days from December 19, 2001.

Mr. Marino did not file a timely PFR seeking review from the full Board. Instead, he filed a document in this court on March 2, 2002, which this court mistook as a petition for rehearing of the earlier decision reported at 243 F.3d 1375. Treating the March 2, 2002, filing in this court as a petition for rehearing, we rejected the petition on several grounds on March 8, 2002. Mr. Marino then moved for reconsideration of our March 8 order, contending that we had misunderstood the nature of his filing, and arguing that he had intended his filing to be a petition for review of the remand decision of the Board that became final on December 19, 2001. By order dated February 25, 2004, we denied Mr. Marino's motion for reconsideration, stating:

> Marino acknowledges that his March 7, 2002 petition for review was not timely received by this court because it was not filed within 60 days of the date that the Board's decision became final. Because it was not timely received, we do not have jurisdiction over the petition. This court cannot waive the timeliness requirement, which is statutory, mandatory and jurisdictional. Monzo v. Department of Transportation, 735 F.2d 1335, 1336 (Fed. Cir. 1984).

Marino v. Office of Pers. Mgmt. (Order dated Feb. 25, 2004)

Although Mr. Marino had not filed a PFR with the Board by December 19, 2001, to gain review of the adverse decision of the administrative judge on remand from this court, on January 12, 2004, Mr. Marino did file such a PFR with the Board.

The Board dismissed Mr. Marino's PFR as untimely, stating that he had failed to show good cause for the late filing. The Board explained that it could not find good cause in Mr. Marino's asserted lack of good health because he failed to specify the nature of his illness, its duration and why it affected his ability to file on time, as required by Lacy v. Department of the Navy, 78 M.S.P.R. 434, 437 (1998). That Mr. Marino had filed a request for review in this court was held insufficient grounds to excuse the delay in filing the PFR with the Board. As the Board noted in its opinion, Mr. Marino had previously filed a timely PFR with the Board, acting pro se, and had successfully timely obtained review in this court. Because the order of the administrative judge had clearly stated the time requirements for filing a timely PFR with the Board, the Board concluded that Mr. Marino had failed to show good cause for his untimely January 2004 PFR.

From the Board's dismissal of his PFR, Mr. Marino timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). The Board exercises its sound discretion in deciding whether to waive its time requirements for the filing of a PFR. Where good cause for the untimeliness is shown, the Board will excuse a late filing. Where ill health is cited as the reason for a late filing, the Board requires specific information about the nature and

duration of the illness and its effect on the ability to timely file, factors enumerated in its Lacy case. The Board held that Mr. Marino had failed to supply the requisite information to satisfy the Lacy standards, and Mr. Marino does not contest that holding. Nor does Mr. Marino contest the Board's rejection of his plea for leniency due to his pro se standing: the Board noted that Mr. Marino had no difficulty on the earlier occasion in comprehending and meeting the time requirements for filing.

Mr. Marino addresses the merits of his underlying case in his brief to this court. The only issue before us, however, is the question of whether the Board abused its discretion in refusing to find good cause in Mr. Marino's late-filed PFR. On that issue, we see no abuse of discretion by the Board, and thus uphold its dismissal of Mr. Marino's PFR.