# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KRISTEN L. MOWDER,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-17-0376-I-2 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE:  March 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William Simpson</u>, Philadelphia, Pennsylvania, for the appellant.

<u>David E. Mapp</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant was removed from her position as a Postmaster with the agency for improper conduct. *Mowder v. U.S. Postal Service*, MSPB Docket No. PH-0752-17-0376-I-1, Initial Appeal File (IAF), Tab 4 at 20-24. She timely filed this appeal with the Board. IAF, Tab 1.

On July 6, 2018, the administrative judge issued an initial decision affirming the appellant's removal. *Mowder v. U.S. Postal Service*, MSPB Docket No. PH-0752-17-0376-I-2, Appeal File (I-2 AF), Tab 19, Initial Decision (ID). The initial decision explained that it would become final on August 10, 2018, unless the appellant filed a petition for review by that date. ID at 24-25. The initial decision informed the appellant how to file such a petition for review with the Clerk of the Board. ID at 25.

On August 9, 2018, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) received a petition for review from the appellant. *Mowder v. U.S. Postal Service*, MSPB Docket No. PH-0752-17-0376-L-1, Litigation File, Tab 1 at 2. Notably, although the envelope containing the appellant's petition was addressed to the Federal Circuit, the petition itself was addressed to the Clerk of the Board. *Id*. at 2, 33. The Federal Circuit docketed the appellant's petition on August 13, 2018. *Id*. at 1.

The appellant then filed a petition for review with the Board on September 20, 2018, asserting, among other things, that she filed with the Federal Circuit in error. *Mowder v. U.S. Postal Service*, MSPB Docket No. PH-0752-17-0376-I-2, Petition for Review (PFR) File, Tab 1 at 1. In her motion requesting that the Board accept her petition as timely or waive the time limit for good cause, the appellant asserted that she received the initial decision via mail on July 13, 2018, and stated that her nervousness and inexperience caused her to misread the section of the initial decision pertaining to her appeal rights and thus send her petition to the Federal Circuit rather than the Board. PFR File, Tab 4

at 3.  The agency has filed a response to both the petition for review and the appellant's motion on timeliness.  PFR File, Tabs 3, 5.

### DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision.  5 C.F.R. § 1201.114(e).  The date of filing by mail is determined by the postmark date.  5 C.F.R. § 1201.4(*l*).

Here, the appellant alleges that she received the initial decision on July 13, 2018, which is 7 days after the date of its issuance.  PFR File, Tab 4 at 3.  Thus, she was required to file her petition for review with the Board by August 13, 2018.[2]  The appellant's petition for review is postmarked September 20, 2018.  PFR File, Tab 1.  It is therefore 38 days late.

The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay.  5 C.F.R. § 1201.114(g); *see Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay; the reasonableness of her excuse and her showing of due diligence; whether she is proceeding pro se; and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition for review.  *Via*, 114 M.S.P.R. 632, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Generally, when an initial decision clearly informs an appellant where to file her Board petition for review and she misdirects her petition to the Federal Circuit, good cause does not exist for her later untimely filing with the Board.

---

[2] Thirty days following July 13, 2018, was Sunday, August 12, 2018.  The deadline for filing a petition for review was therefore the next workday.  5 C.F.R. § 1201.23.

*Marino v. Office of Personnel Management*, 96 M.S.P.R. 294, ¶ 8 (2004), *aff'd*, 122 F. App'x 480 (Fed. Cir. 2005); *Colon v. U.S. Postal Service*, 71 M.S.P.R. 514, 517 (1996).  Here, as explained previously, the initial decision provided that it would become final on August 10, 2018, unless a petition for review was filed with the Clerk of the Board by that date.  ID at 24-25.  The initial decision clearly set forth how the appellant could file a petition for review and the Clerk of the Board's address.  ID at 25.  The initial decision further informed the appellant that the Board's final decision—which would be issued by the Board at a later date if the appellant timely filed a petition for review, or would be the initial decision itself if she did not timely file a petition for review—could be appealed to, *inter alia*, the Federal Circuit.  ID at 28-31.  Thus, the initial decision clearly informed the appellant of the proper procedures for filing a petition for review with the Board.

Although the appellant has handled her own filings on review and filed a petition with the Federal Circuit before the initial decision became final, that alone does not warrant a waiver of the filing deadline.  *See Evans v. Office of Personnel Management*, 85 M.S.P.R. 36, ¶ 9 (1999); *Olson v. U.S. Postal Service*, 66 M.S.P.R. 383, 387-88 (1995).  Inexperience with legal matters and unfamiliarity with Board procedures does not excuse a failure to follow direct and explicit instructions.  *Olson*, 66 M.S.P.R. at 387-88; *see Alexander v. Department of Veterans Affairs*, 51 M.S.P.R. 368, 370 (1991) (finding that the appellant failed to establish good cause for her untimely filed petition for review when her confusion led her to file a petition with the Federal court system instead of with the Board and her confusion was not caused by the initial decision).

The appellant's delay in filing the petition for review—38 days—was not minimal.  *See Colon*, 71 M.S.P.R. at 519 (finding that a 27-day delay in filing a petition for review was not a minimal delay).  Moreover, the delay was not due to circumstances beyond her control, but was instead due to her own failure to follow instructions.  PFR File, Tab 4 at 3.  Under these circumstances, we find

that the appellant has failed to show good cause for a waiver of the filing deadline. *See Olson*, 66 M.S.P.R. at 387-88.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction..  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.