**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TRUDY P. BROCKINGTON, | DOCKET NUMBER |
| Appellant, | PH-0752-23-0082-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: June 22, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Allan Feldman, Houston, Texas, for the appellant.

Brandon Truman, St. Louis, Missouri, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant from her position as an EAS-17 Supervisor of Customer Services for matters concerning the timely delivery of mail and reporting of the same. Initial Appeal File (IAF), Tab 6 at 17-20, 35. She timely filed an appeal of her removal with the Board. IAF, Tab 1. After holding a hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 25, Initial Decision (ID) at 1, 14. The initial decision explained that it would become final on August 23, 2023, unless the appellant filed a petition for review by that date. ID at 14. The initial decision further explained precisely how to do so. ID at 15.

The appellant filed the instant petition for review with the Clerk of the Board in May 2025, more than 20 months after the deadline for doing so. Petition for Review (PFR) File, Tab 1. Within, she argued that the agency representative would have been amenable to settlement if he had been made aware of certain facts of her case and she received poor representation in the proceedings below. *Id.* at 2.

The Office of the Clerk of the Board notified the appellant that her petition for review was untimely filed and she could file a motion to accept her filing as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 1-2. In response, the appellant suggests that the untimeliness of her petition for review should be excused because she mistakenly filed with the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) during the filing period for filing a petition for review with the Board. PFR File, Tab 3 at 1-4. The appellant attached an August 25, 2023 letter from the court Clerk, addressed to the Board Clerk, transmitting a document that "appear[ed] to be a petition for review before the Board." *Id.* at 1. According to this letter from the court Clerk, the Federal Circuit received the document two days earlier, which would have been the final day for filing a timely petition for review with the Board. *Id.* However, the Board has no record of this letter from the court Clerk or the appellant's enclosed

petition for review ever reaching the Board before the appellant submitted both in May 2025.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The record reflects that the initial decision was served electronically on the appellant on July 19, 2023—the date it was issued. IAF, Tab 26; *see* 5 C.F.R. § 1201.14(*l*)(2) (providing that Board documents served electronically on e-filers are deemed received on the date of electronic submission). Thus, the deadline for filing a petition for review was August 23, 2023, the 35th day after the date of issuance of the initial decision. *See* 5 C.F.R. § 1201.114(e). However, the appellant filed the petition for review currently before us on May 2, 2025, more than 20 months past the filing deadline.[2] PFR File, Tab 1.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the

---

[2] Within her May 2025 petition, the appellant refers to something she submitted to the Board, dated August 25, 2023. PFR File, Tab 1 at 2. To the extent that she is referencing the August 25, 2023 letter from the court Clerk, the Board has no record of receiving this letter prior to May 2025. PFR File, Tab 3 at 1. To the extent that she is referring to some other submission, the Board has no corresponding record.

delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Generally, when an initial decision clearly informs an appellant where to file her petition for review with the Board and she misdirects her petition to the Federal Circuit, good cause does not exist for her later untimely filing with the Board. *Marino v. Office of Personnel Management*, 96 M.S.P.R. 294, ¶ 8 (2004), *aff'd per curiam*, 122 F. App'x 480 (Fed. Cir. 2005); *Colon v. U.S. Postal Service*, 71 M.S.P.R. 514, 517 (1996). As previously noted, the initial decision provided that it would become final on August 23, 2023, unless a petition for review was filed with the Clerk of the Board by that date. ID at 14. The initial decision clearly set forth how the appellant could do so. ID at 15-21.

Although the appellant has primarily handled her own filings on review and filed a petition with the Federal Circuit before the initial decision became final, that alone does not warrant a waiver of the filing deadline. PFR File, Tab 3 at 1; *see Evans v. Office of Personnel Management*, 85 M.S.P.R. 36, ¶ 9 (1999); *Olson v. U.S. Postal Service*, 66 M.S.P.R. 383, 387-88 (1995). Inexperience with legal matters and unfamiliarity with Board procedures does not excuse a failure to follow direct and explicit instructions. *Olson*, 66 M.S.P.R. at 387-88; *see Alexander v. Department of Veterans Affairs*, 51 M.S.P.R. 368, 370 (1991) (finding that the appellant failed to establish good cause for his untimely filed petition for review when his confusion led him to file a petition with the Federal court system instead of with the Board and his confusion was not caused by the initial decision).

Even if the untimeliness of the appellant's petition for review with the Board was due to a mistaken belief that the Federal Circuit had successfully forwarded her petition with the court for consideration by the Board, we must find that the appellant has not proven that she exercised the due diligence or ordinary prudence necessary to establish good cause for the lengthy delay in filing her May 2025 petition with the Board. This is particularly so because she received no acknowledgment from the Board after filing with the Federal Circuit but waited 20 months to follow-up or take any action. *See Lamb v. U.S. Postal Service*, 68 M.S.P.R. 500, 503 (1995) (concluding that an appellant did not establish that she exercised due diligence when she waited 3 months after the deadline before attempting to ascertain whether her attorney had filed a petition for review on her behalf, and then delayed more than 3 additional months before verifying with the Board whether such a petition had been filed), *aff'd per curiam*, 78 F.3d 603 (Fed. Cir. 1996) (Table).

The appellant's more than 20-month delay in filing the petition for review before us was significant. *See Scali v. Office of Personnel Management*, 106 M.S.P.R. 409, ¶¶ 6, 8 (2007) (finding that 1 year was a significant filing delay). Moreover, the delay was not due to circumstances beyond her control; the delay resulted from her not following the instructions provided in the initial decision.

We recognize that the appellant attached her correspondence to the court, in which she asserted that she was under the care of a psychologist for depression, anxiety, and brief psychotic disorder. PFR File, Tab 3 at 3. Relatedly, the Board Clerk advised the appellant of what she must show in order to establish good cause for an untimely petition for review if she was alleging that her health affected her ability to meet the filing deadline, consistent with Board precedent in *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). PFR File, Tab 2 at 5 n.2. Nevertheless, the appellant has not identified the period during which she experienced mental health issues. Nor has she submitted any

corroborating medical evidence or an explanation of how any such issues prevented her from timely filing her petition for review or requesting an extension of time. When, as here, an appellant does not provide any of the information called for in *Lacy*, the Board has consistently declined to find good cause for an untimely filing. *See Cameron v. Department of the Navy*, 112 M.S.P.R. 350, ¶ 13 (2009) (finding no good cause shown when a petition for review did not offer any evidence or explanation as to why an appellant's alleged mental health issues resulted in her delay in filing); *Davis v. U.S. Postal Service*, 101 M.S.P.R. 107, ¶ 6 (2006) (finding that an appellant failed to establish good cause for an untimely petition for review when he failed to explain how his depression caused his delay in filing and he did not submit any medical documentation in support of his claim), *aff'd per curiam*, 192 F. App'x 966 (Fed. Cir. 2006). Under these circumstances, we find that the appellant has not met her burden of establishing good cause for a waiver of the filing deadline.

For all these reasons, we must dismiss the petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.[3]

---

[3] Even if we were to find that the appellant established good cause for her untimely petition for review, the arguments within do not warrant a result different than that of the initial decision. In both her letter sent to the Federal Circuit and her petition to the Board, the appellant presented only cursory arguments. She faulted her representative for not settling her appeal or establishing that the conduct underlying her removal was unavoidable. PFR File, Tab 1 at 2, Tab 3 at 2-3. However, the Board has long held that an appellant is responsible for the errors of her chosen representative. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 13 (2011); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Thus, the appellant's arguments are unavailing.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.