NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSE A. CAMPOS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3146

---

Petition for review of the Merit Systems Protection Board in No. DC-831E-14-0903-I-1.

---

Decided: February 8, 2016

---

JOSE A. CAMPOS, Bethania, Panama, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before LOURIE, WALLACH, and STOLL, *Circuit Judges.*

PER CURIAM.

Jose A. Campos appeals a final decision of the Merit Systems Protection Board ("Board"). Because the Board properly denied Mr. Campos's petition under the doctrine of res judicata, we affirm.

BACKGROUND

Mr. Campos served with the Department of the Army in the Panama Canal Zone from 1973 until 1999. Mr. Campos worked as an Engineering Draftsman, and his performance was "exceptional." Pet'r App. 20. His Deputy Commander praised Mr. Campos's contributions by stating that "[h]is dedicated service and performance rendered has brought credit to himself, the United States Army, and the United States Government." *Id.* Mr. Campos's employment ended in 1999 when his organization was closed as a result of the implementation of the 1977 Panama Canal Zone Treaty.

In 2005, Mr. Campos applied for a retirement annuity. The Office of Personnel Management ("OPM") denied his application in 2006. OPM determined that he did not meet the age and service requirements for a civil service annuity. OPM explained that his employment did not meet the statutory requirement for "continuous service" because of a break in his employment between March 20, 1981 and December 6, 1982.

Mr. Campos appealed OPM's denial of his claim to the Board. In 2007, an administrative judge ("A.J.") affirmed OPM's decision. The A.J. found the same gap in employment that OPM had earlier identified and thus affirmed the denial of Mr. Campos's claim. In 2009, Mr. Campos filed a petition for review, which the Board denied. In 2011, Mr. Campos filed a new petition for enforcement with the Board seeking to once again challenge the 2006 OPM denial. An A.J. denied this petition on several grounds, including res judicata. Mr. Campos filed another petition for review, which the Board also denied.

In 2014, Mr. Campos brought a third action before the Board, again challenging the 2006 OPM decision denying his claim to a retirement annuity. In this filing, Mr. Campos submitted new evidence to support his argument that he had worked continuously for the United States Government through the "gap" in his employment history from 1981 to 1982, including three affidavits from former colleagues and supporting documentary evidence. Pet'r App. 2–13. An A.J. nevertheless denied Mr. Campos's claim, finding that his newly filed suit was merely an attempt to relitigate a claim that was originally made final in 2009. The A.J. explained that Mr. Campos's claim was barred by res judicata because the very same claim was resolved in a final decision on the merits that involved the same issues and parties as the current appeal. Mr. Campos petitioned for Board review of that decision, and the Board affirmed, finding his claim barred under the doctrine of res judicata.

Mr. Campos appeals the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal conclusion on res judicata de novo. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008).

We agree with the Board that Mr. Campos's 2014 claim is barred by res judicata. "Under the doctrine of res judicata (or claim preclusion), '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Ammex, Inc. v. United States,* 334 F.3d 1052, 1055 (Fed. Cir. 2003) (quoting *Federated Dep't*

*Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). In 2009, the Board reviewed OPM's 2006 denial of Mr. Campos's application for a retirement annuity and issued a final decision on the merits. And that suit involved the same parties and issues as the one before us today. Thus, res judicata bars this suit. *See Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).

While we appreciate that Mr. Campos has set forth new evidence to support his claim for a retirement annuity, res judicata nevertheless bars relitigation of his claim. Res judicata "rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948). So even though, in a later suit, a party might present the court with new evidence that calls into question the original judgment, res judicata does not permit the court to reopen that judgment. *E.g.* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4403 (2d ed. 2002) ("[C]ourts have repeatedly recognized that res judicata is not defeated by error in the initial judgment . . . . [T]his rule ordinarily applies despite the availability of new evidence . . . ."). Because the Board correctly found that Mr. Campos already brought this claim and litigated it to a final decision, we discern no error in the Board's denial of Mr. Campos's petition under the doctrine of res judicata.

CONCLUSION

For the reasons stated above, we affirm.

**AFFIRMED**

COSTS

No costs.