NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL BROADEN,**
*Petitioner*

**v.**

**DEPARTMENT OF TRANSPORTATION,**
*Respondent*

---

2023-2316

---

Petition for review of the Merit Systems Protection Board in No. DE-4324-23-0098-I-1.

---

Decided:  May 10, 2024

---

MICHAEL BROADEN, Denver, CO, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before DYK, CLEVENGER, and STOLL, *Circuit Judges*.

PER CURIAM.

Michael Broaden seeks review of the final decision of the Merit Systems Protection Board ("Board") denying corrective action with respect to his unsuccessful applications for employment as an Air Traffic Control ("ATC") Specialist, MSS-1, Support Specialist with the Federal Aviation Administration ("FAA").  For the reasons stated below, we affirm the Board's final decision.

I

Mr. Broaden served in the United States Air Force from 1997 until his honorable discharge in 2002.  During his Air Force employment, he served as a military air traffic controller for 138 weeks at Hill Air Force Base in Utah.  He began employment with the FAA in 2011 in a Management and Program Analyst position.  Thereafter, he applied thirteen times to fill ATC Specialist vacancies, known as Support Specialist, MSS, or MSS-1 positions.  According to Mr. Broaden, as Support Specialist, "you don't control the movement of live aircraft, but you support the controllers by making sure that information systems . . . [are] updated accordingly so they can access information quickly."  Appx. 65.  To be eligible for the Support Specialist position, an applicant must satisfy one of three requirements:

> 1.  Must have held an FAA 2152 FG-14 or above regional or headquarters position for at least 1 year (52 weeks); or
>
> 2.  Must have been facility rated or area certified for at least 1 year (52 weeks) in an [FAA Air Traffic Services ("ATS")] facility; NOTE: An employee who has been facility rated or area certified for at least 1 year (52 weeks) in an ATS facility that is upgraded is considered to meet qualification requirements of the upgraded position, since he or she has been performing the higher-graded work; or

> 3. Must have held an MSS position for at least 1 year (52 weeks) in an ATS facility.

Each time Mr. Broaden applied for a Support Specialist vacancy, he alleged that he satisfied requirement 2, even though he admittedly did not have the required experience at a FAA ATS facility. As a substitute for the one-year civilian ATS facility experience requirement, Mr. Broaden cited his 138-week military service as an air traffic controller at Hill Air Force Base in Utah.

Mr. Broaden appealed the FAA's nonselection decision of his November 15, 2019, application to the Board. He sought corrective action, alleging violation of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301–4335) ("USERRA"), which prohibits employers from discriminating against current or prospective employees because of their military service. Because the FAA gave no weight to his military experience as an air traffic controller, Mr. Broaden argued that the agency's stated requirements were inherently discriminatory.

Before the Board, the agency defended its refusal to treat military experience as equivalent to the required civilian FAA experience with testimony from Barry Sill, a 30-year FAA employee in addition to his Air Force service. Mr. Sill justified failure to equate military with civilian air traffic control service on the ground that "'there are functional differences' in operation and implementation between FAA and military facilities" and "also substantive differences in training standards." *Broaden v. Dep't of Transp.*, No. DE-4324-20-0168-I-2, 2021 MSPB LEXIS 768, *10–11 (Feb. 26, 2021). Further, Mr. Sill, and another agency witness (Susana Meister), testified that "there are FAA-certified controllers who do not work in ATS facilities, who likewise would not have qualified for the MSS-1 position." *Id.* at *11. The Board rejected Mr. Broaden's contention that the FAA's requirement of FAA ATS facility experience is

inherently violative of USERRA. The Board relied on Mr. Sill's testimony, which demonstrated sound reasons for not treating military air traffic controller experience as equal to ATS service, and showing that the FAA ATS service requirement applies equally to non-military service applicants and thus is not targeted at members of the uniformed services. The Board did not credit testimony from three witnesses for Mr. Broaden, who sought to establish that non-ATS service in the military is the equivalent of ATS experience, because those witnesses did not credibly dispute Mr. Sill's explanation for discounting military experience. *Id.* at *12. The Board accordingly denied Mr. Broaden's USERRA-based challenge to his nonselection.

Mr. Broaden sought review in this court, where he repeated his argument that failure of the FAA to credit his military air traffic control service violated his USERRA rights. Mr. Broaden's Informal Brief to this court informed the court that he had previously unsuccessfully "applied to numerous FAA ATC support specialist positions with reasonable expectation of meeting [the one-year ATS facility requirement] when all equivalent air traffic control experience (FAA and military) is credited." Appellant's Informal Brief at 9, *Broaden v. Dep't of Transp.*, No. 2021-2000, 2021 WL 5353890 (Fed. Cir. Nov. 17, 2021) (emphasis omitted). He argued that his USERRA violation claim "extends back to the first support specialist application that the Petitioner [Mr. Broaden] submitted," and noted that he first applied in November 2011. *Id.* at 13. Mr. Broaden specifically argued that the Board's decision must be set aside because "the Board's wrongful decision follows from a record that contains no evidence on which its decision could be made." *Broaden*, 2021 WL 5353890, at *3. Mr. Broaden in particular challenged as incorrect Mr. Sill's testimony that functional differences in the operation and implementation distinguished FAA from military air traffic control operations. In affirming the Board's rejection of Mr. Broaden's USERRA claim, this court credited the

testimony of witnesses Mr. Sill and Ms. Meister that "there are material differences between the type of experience obtained by Mr. Broaden [in the military] and the responsibilities of the advertised position" and "that individuals within the FAA with similar experience to Mr. Broaden would not also qualify for the position." *Id.* Because the record thus clearly supported the Board's conclusion that failure by the agency to treat Mr. Broaden's military air traffic controller experience as equivalent to ATS air traffic controller experience does not violate USERRA, this court affirmed the final decision of the Board, *see id.*, to which Mr. Broaden unsuccessfully sought certiorari review at the Supreme Court, *see Broaden v. Department of Transportation*, 142 S. Ct. 1676 (2022).

## II

On January 12, 2023, Mr. Broaden filed another appeal with the Board, this time referencing his nonselection for the same ATC Specialist position on thirteen vacancy announcement occasions. Of Mr. Broaden's thirteen nonselection challenges, one repeats his November 15, 2019, application, the challenge to which was fully adjudicated through his first appeal to this court, described above. Four other nonselection challenges relate to vacancy applications filed between November 17, 2011, and November 15, 2019, and the remaining eight nonselection challenges relate to applications filed after the November 15, 2019, application. The Board, taking account of Mr. Broaden's first appeal to this court, recognized our decision in that appeal as a final judgment on the merits, and invoked res judicata and collateral estoppel against Mr. Broaden's challenges.

The res judicata doctrine serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata requires (1) the prior

decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). "Claim preclusion prevents parties from litigating issues that could have been raised in a prior action." *Id.*

Collateral estoppel applies to an issue where (1) the issue previously adjudicated is identical with the issue now presented; (2) the issue now presented was actually litigated in the prior case; (3) the previous determination on the issue was necessary to the end-decision in the prior case; and (4) the party estopped had a full and fair chance to litigate the issue in the prior case. *See Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012).

The Board invoked res judicata against Mr. Broaden's renewed challenge to the nonselection of his November 15, 2019, application and against his four nonselection challenges that preceded the November 15, 2019, application. Specifically, the Board determined that in all the five vacancies, each was (1) for the same Air Traffic Control Specialist position; (2) the position's essential qualification requirements remained unchanged; (3) Mr. Broaden's qualifications (or lack thereof) remained unchanged; (4) the agency deemed Mr. Broaden unqualified; and (5) Mr. Broaden's challenge—that his nonselection violated USERRA—is the same in all five nonselection challenges. As such, the Board held that res judicata plainly barred consideration of Mr. Broaden's challenge to nonselection of his November 15, 2019, application, as that precise case has been finally adjudicated. As to the four nonselection challenges that preceded the finally adjudicated case, the Board held that those challenges could have been brought along with the adjudicated case, and therefore were also res judicata barred.

With regard to Mr. Broaden's eight nonselection challenges for his applications following November 15, 2019, the Board applied collateral estoppel to bar those challenges. Specifically, the Board found the doctrine applicable to two issues raised by the eight nonselection challenges: (1) whether Mr. Broaden qualifies for the position he repeatedly applied for, and (2) if not, whether the agency's requirements for the position are inherently discriminatory against members of the uniformed service, in violation of USERRA. The Board held with regard to the two issues as appearing in the finally adjudicated case compared to the two issues as presented in the eight post-November 15, 2019, nonselection challenges: (1) the issues are identical; (2) the issues were actually litigated in the prior case; (3) the previous determinations in the prior case were necessary to the denial of Mr. Broaden's USERRA claim before the Board and before this court; and (4) Mr. Broaden was fully represented, having a full and fair chance to litigate the issues in the prior case. The Board's analysis used the test for application of collateral estoppel set forth in *Whiteman v. Department of Transportation*, 688 F.3d 1336, 1340 (Fed. Cir. 2012). The Board noted that had it not applied res judicata against the other five nonselection challenges, it would have found collateral estoppel equally applicable to those challenges. The Board's final decision thus denied Mr. Broaden's request for corrective action as to the thirteen nonselection decisions he challenged as violative of USERRA.

## III

Mr. Broaden timely seeks review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm a final decision of the Board unless we decide that the decision is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *Marino v. Office of Pers. Mgmt.*, 243 F.3d 1375, 1377 (Fed. Cir. 2001).

Mr. Broaden does not challenge the Board's res judicata holding that he is attempting to relitigate the same case as the one previously litigated, or that he could have brought his current challenge to the FAA's four pre-November 15, 2019, nonselection decisions at the same time he brought his challenge to nonselection of his November 15, 2019, application.  Any such challenge would lack merit, as Mr. Broaden referenced his USERRA-based disagreement with the earlier nonselection decisions in his appeal to the Board from the nonselection of his November 15, 2019, application.

Regarding his current challenge to the eight non-selection decisions on his applications filed after the November 15, 2019, application, Mr. Broaden does not challenge: (1) that the issues of his lack of qualification and of alleged inherently discriminatory qualification requirements are the same as the issues fully adjudicated against him in his previous appeal to the Board and to this court; or (2) that those two issues were actually litigated in the prior case; or (3) that the previous determination of those issues were necessary to denial his USERRA violation claim; or (4) that he lacked the full and fair chance to litigate those issues in the prior case.[1]

Mr. Broaden contends that res judicata and collateral estoppel should not apply to this case because "new facts

---

[1]    Mr. Broaden claims without basis to have been denied a full and fair opportunity to litigate the issue of whether FAA relies on a false narrative, an issue discussed below. *See* Appellant's Br. at 18.  The records in the prior adjudication and in this case prove that Mr. Broaden challenged the FAA's reliance on functional differences between FAA and military operations throughout the Board proceedings and Mr. Broaden points to no evidence to support any claim that his ability to present his views on the issue were impaired in any way.

are available." Merely presenting new evidence is not sufficient to preclude the application of res judicata and collateral estoppel. *See Campos v. Off. of Pers. Mgmt.*, 636 F. App'x 798, 799 (Fed. Cir. 2016) (nonprecedential) ("So even though, in a later suit, a party might present the court with new evidence that calls into question the original judgment, res judicata does not permit the court to reopen that judgment."); 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4403 (3d ed. 2023) ("This rule ordinarily applies despite the availability of new evidence . . . .").

Mr. Broaden also argues that res judicata and collateral estoppel should not apply to this case because of "manifest injustice" arising from a "false narrative" asserted by the FAA. According to Mr. Broaden, the FAA engages in a false narrative by asserting that there are functional differences between military and civilian air traffic controllers, in order to justify not crediting military air traffic controller experience, when in fact there are no such functional differences between military and civilian air traffic controllers.

According to Mr. Broaden, the "false narrative" is shown by two letters from the FAA to Sen. Michael Bennet, responding to correspondence from Sen. Bennet to the FAA. The first letter responded to a letter from the Senator, "on behalf of Mr. [] Broaden, who expressed concerns that his military experience does not count towards the Federal Aviation Administration (FAA) mandated 52 weeks of civilian air traffic control experience." Appx. 55. FAA responded, noting first that "[a]lthough Mr. Broaden held a supervisory position in the military, that position did not require certified controller time, which is essential in meeting the . . . qualification standards." Appx 55. Regarding the requirement of 52 weeks of FAA controller time, the letter explained that the requirement is applied "uniformly to all applicants" because of FAA particular considerations, including "FAA airspace complexity, controller

policies, controller tools, controller support requirements, and local field facility dynamics." Appx. 55. The FAA's November 1, 2022, letter thus elaborated on the functional differences in operation and implementation explanation asserted by the FAA in the previous litigation as evidence of the agency's need to insist on FAA air traffic control experience as a qualification for the MSS-1 position.

The second letter cited by Mr. Broaden from FAA to Sen. Bennet is dated March 23, 2023, and responds to a letter from Sen. Bennet to FAA dated February 27, 2023, which requested information "regarding the possibility of military discrimination at the Federal Aviation Administration." Appx. 58. FAA's response to Sen. Bennet stated that the "directives that prescribe the certification and rating procedures for air traffic controllers operating in the [military] and the FAA are the same," with citation to two directive orders. Appx. 58. FAA's letter also stated the requirements for the MSS-1 position, including the requirement of 52 weeks of service as an air traffic controller in a FAA facility.

Mr. Broaden's "false narrative" leading to "manifest injustice" claim lacks merit. The functional difference considerations cited by the FAA before the Board, as further explained by the FAA in the first letter to Sen. Bennet, do not relate to functional differences between civilian and military air traffic controllers. Instead, the functional differences identified by the FAA relate to FAA specific considerations, such as FAA airspace complexity, controller policies, controller tools, controller support requirements, and local field facility dynamics. Mr. Broaden agrees that "[t]here are different complexities, policies, tools, facility field dynamics, and more at *every* airport, military or civilian." Appellant's Br. at 21.

The Support Specialist position to which Mr. Broaden many times applied provides support to air traffic controllers. In the light of FAA specific air traffic control

operations, FAA determined that to qualify for a Support Specialist position an applicant should have familiarity with FAA air traffic control operations, in the form of 52 weeks of FAA air traffic control experience. Accordingly, the FAA applied the FAA work experience to all applicants, including applicants with previous military air traffic control experience. Mr. Broaden's challenge to the requirement of FAA air traffic control experience as violative of USERRA was finally rejected in the adjudication of his November 15, 2019, application. The Board rejected his challenge to nonselection of thirteen additional applications on res judicata and collateral estoppel grounds. Mr. Broaden's only challenges to the Board's decision are that res judicata and collateral estoppel should not apply because of a "false narrative" that produces "manifest injustice" and he presents "new facts." Because there is no false narrative and manifest injustice here, and alleging new facts is not sufficient to preclude the application of res judicata and collateral estoppel, there is no showing of any error in law or fact by the Board in its final decision. We affirm the Board's final decision.

## AFFIRMED

COSTS

No costs.