NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYLVIA R. SCRIVENS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1910

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-15-0811-I-1.

---

Decided: October 18, 2016

---

SYLVIA R. SCRIVENS, Casselberry, FL, pro se.

MOLLIE LENORE FINNAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Sylvia R. Scrivens appeals pro se a final order of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of a disability retirement annuity under the Federal Employees' Retirement System ("FERS"). We conclude that substantial evidence supports the Board's determination that Ms. Scrivens failed to establish that her condition prevented her from performing useful and efficient service in her position. We thus *affirm* the Board's final order denying Ms. Scrivens' claim for a disability retirement annuity.

## BACKGROUND

Ms. Scrivens worked as a letter carrier for the United States Postal Service. Following a workplace incident in 2004, she received workers' compensation benefits until returning to work in 2006. Ms. Scrivens testified that despite having "a difficult time" returning to work, she worked until August 2013. A6, A25.

On August 21, 2013, Ms. Scrivens attended a meeting to discuss deficiencies in her workplace performance. Ms. Scrivens stated that during that meeting, she had an "episode" during which "she felt angry, confused[,] and mad and talked loudly in front of her supervisors." A6, A25. The next month, Dr. Benjamin Isom, a licensed psychologist, wrote that Ms. Scrivens was "unable to perform her normal work duties and is being placed her [*sic*] on 30-days medical leave of absence" but gave no further explanation. A16. Dr. Isom subsequently extended Ms. Scrivens' leave through January 2014. In a January 9, 2014 letter, Dr. Isom opined that Ms. Scrivens remained "unable to perform one or more functions of her occupation" and that she should "explore the possibility of Disability Retirement." A21–A23.

Ms. Scrivens applied for disability retirement in May 2014. On the required Statement of Disability, she listed the August 21, 2013 meeting as the onset date of her two disability conditions: post-traumatic stress disorder ("PTSD") and anxiety. Ms. Scrivens explained that her conditions caused increased confusion, poor focus, and intense anxiety. She further explained that attempting to concentrate while driving "is a very vital part" of her job, her safety, and the safety of others. A29. Ms. Scrivens also submitted a Supervisor's Statement from Veronica Jorden dated July 21, 2014 that explained there were "[n]o critical elements in which [Ms. Scrivens did] not perform successfully" other than an "unacceptable" attendance record. A37–38. According to Ms. Jorden, Ms. Scrivens "had been on FMLA and/or AWOL" since the August 21, 2013 meeting. A38.

In June 2014, a psychiatrist, Dr. Ramon Martinez, released Ms. Scrivens to work part time with no restrictions. In July 2014, she returned to work full time, where she remained until October 2014. Ms. Scrivens has not worked since then.[1]

On December 30, 2014, OPM denied Ms. Scrivens' application for disability retirement because her submitted medical records failed to establish that she was disabled from performing useful and efficient service in her position. After Ms. Scrivens moved for reconsideration, OPM sustained its denial and explained that she had not presented any evidence that she exhausted the possibility of a reasonable accommodation for her condition.

Ms. Scrivens appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1] The record is unclear regarding the circumstances surrounding Ms. Scrivens' October 2014 departure from the Postal Service.

DISCUSSION

"[O]ur scope of review of FERS disability retirement determinations is substantially truncated." *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 624 (Fed. Cir. 1995). We may hold unlawful and set aside an agency action found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). With one small exception, 5 U.S.C. § 8461(d) precludes us from reviewing the factual underpinnings of physical or mental disability determinations. *Anthony*, 58 F.3d at 626; 5 U.S.C. § 8461(e)(2) (excepting findings of mental disability "made pursuant to an application by an agency for purposes of disability retirement under section 8451"). Because that exception does not apply here, our review is limited to whether there has been a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791 (1985) (quotation marks and citation omitted).

Ms. Scrivens argues that the Board failed to consider her medical disability in making its decision. Pet'r's Br. at 1. Specifically, Ms. Scrivens faults the Board for not considering the information provided in a mental impairment questionnaire. *Id.* at 3.

The Board's determinations of "disability and dependency" are "final and conclusive and are not subject to review." 5 U.S.C. § 8461(d). Thus, the underlying merits of whether Ms. Scrivens qualified for disability based on her mental condition are beyond our purview, and we do not address them here.

We may, however, review the Board's decision for procedural error. Despite Ms. Scrivens' allegation that the

Board failed to consider her medical questionnaire, the Board specifically found "nothing in either Dr. Martinez's letters *or questionnaire* that specifically relates [Ms. Scrivens'] condition to her particular job duties and explains why her condition prevents her from performing those duties in a useful and efficient manner." A8–A9 (emphasis added). Thus, while Ms. Scrivens may disagree with the Board's conclusion, the record indicates the Board properly considered all relevant evidence before it.

The Board's final order is supported by substantial evidence, not arbitrary or capricious, and in accordance with law. We *affirm* the Board's final order.

**AFFIRMED**

Costs

No costs.