NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACIE K. THURSTON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1519

---

Petition for review of the Merit Systems Protection Board in No. CH-844E-18-0480-I-1.

---

Decided: November 15, 2024

---

TRACIE K. THURSTON, Leadington, MO, pro se.

ANNE DELMARE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, SCHALL and TARANTO, *Circuit Judges*.

PER CURIAM.

Tracie Thurston appeals a decision of the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) reconsideration decision denying her application for disability retirement benefits under the Federal Employee's Retirement System (FERS). For the following reasons, we *affirm*.

## BACKGROUND

Ms. Thurston worked for the United States Postal Service (USPS) from 2002 to 2016. In 2017, Ms. Thurston applied for disability retirement under FERS, claiming she could no longer perform her duties as a rural postal carrier due to anxiety and panic attacks. S. Appx. 16;[1] *see also* S. Appx. 8. OPM issued an initial decision denying Ms. Thurston's application for disability retirement benefits. S. Appx. 7–9. Ms. Thurston requested reconsideration of OPM's initial decision and provided additional medical evidence. S. Appx. 1. OPM reviewed the medical evidence and upheld the initial decision. *Id.* at 1–6. Ms. Thurston appealed to the Board.

The Board affirmed OPM's reconsideration decision. Appx. 26–51.[2] On April 29, 2019, Ms. Thurston filed a petition for review of the Board's initial decision that included additional evidence in support of her petition. *Thurston v. Off. of Pers. Mgmt.*, No. CH-844E-18-0480-I-1, Petition for Review (PFR) File, Tab 1 (M.S.P.B.). On June 22, 2021, after briefing on the petition for review concluded, Ms. Thurston submitted more evidence, which the Board allowed. *Thurston*, PFR File, Tabs 8–11. The Board affirmed its initial decision and denied Ms.

---

[1] "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Response Brief.

[2] "Appx." refers to the Appendix starting on page 11 of Petitioner's Informal Brief. *See* Dkt. 9 at 11.

Thurston's petition for review, in part because no new and material evidence was available.   5 C.F.R. § 1201.115; Appx. 62.   Ms. Thurston appeals.   We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

On appeal, Ms. Thurston claims the Board erred: (1) in its disability determination, (2) by failing to give her a hearing, (3) in finding her neck and back conditions were not part of her disability claim, and (4) by failing to consider her additional evidence.

The scope of our review in an appeal from a decision of the Board is limited.   Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."   5 U.S.C. § 7703(c).   Our scope of review of the disability determination under FERS here is more limited.   In a case like this, we are barred from reviewing "factual findings and conclusions on disability" by 5 U.S.C. § 8461(d).   *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 625 (Fed. Cir. 1995).[3]   We may, however, review whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination."   *Marino v. Off. of Pers. Mgmt.*, 243 F.3d 1375, 1377 (Fed. Cir. 2001) (quoting

---

[3] An exception to that bar exists for certain disability matters initiated by an agency, *see* 5 U.S.C. § 8461(e), but it is not applicable here.   *See Haynes v. Off. of Pers. Mgmt.*, No. 2023-2310, 2024 WL 1561621, at *1–2 (Fed. Cir. Apr. 11, 2024); *Scrivens v. Off. of Pers. Mgmt.*, 663 F. App'x 926, 928 (Fed. Cir. 2016).

*Anthony*, 58 F.3d at 626) (internal quotation marks omitted).

Ms. Thurston alleges the Board erred in its disability determination because she submitted sufficient evidence to prove her disability. Ms. Thurston asks this court to reweigh the evidence. Petitioner's Informal Br. 4–10. We are prohibited from reviewing "factual findings and conclusions on disability." *Anthony*, 58 F.3d at 625. We therefore lack jurisdiction to evaluate this argument.

Ms. Thurston argues the Board erred by failing to provide her a hearing. Ms. Thurston claims she requested a hearing but "was scared out of it because [she] didn't have a lawyer." Petitioner's Informal Br. 4. On August 27, 2018, the Board held a status conference with Ms. Thurston and counsel for OPM. S. Appx. 19. During the status conference, the administrative judge (AJ) noted Ms. Thurston elected a hearing, described the hearing process to Ms. Thurston, explained Ms. Thurston could elect to continue with a hearing or rest on the record, and asked Ms. Thurston to think about which option she would prefer prior to the next status conference. *Id.* at 20. On September 7, 2018, the Board held another status conference. S. Appx. 24. After the AJ again described the hearing process to Ms. Thurston, she elected to withdraw her hearing request and rest on the record. *Id.* We see no error in the AJ's decision to not have a hearing after Ms. Thurston withdrew her hearing request.

Ms. Thurston argues the Board erred in finding her neck and back conditions were not part of her disability claim. Petitioner's Informal Br. 7. Ms. Thurston's statement of disability does not list any neck or back conditions. S. Appx. 16. The Board explained it cannot review medical conditions not listed in an applicant's statement of disability. Appx. 38–39. We see no error in the Board's determination.

Ms. Thurston argues the Board erred by failing to consider her additional evidence submitted on June 22, 2021. Petitioner's Informal Br. 4–7, 9; *Thurston*, PFR File, Tab 11. The additional evidence includes: (1) two separation letters from the USPS, (2) a social security disability document, (3) two medical reports, (4) a services agreement with a stress and anxiety disorder specialist, (5) four bills for therapy sessions, and (6) seven receipts for anxiety assistance services. *Thurston*, PFR File, Tab 11. The Board may grant a petition for review if "[n]ew and material evidence . . . is available that, despite the petitioner's due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d). In a footnote in the Board's final decision, the AJ found the additional evidence was not new and material. Appx. 62–63 n.2.

Ms. Thurston submitted two USPS separation letters dated March 8, 2019, and March 27, 2019, which listed April 11, 2019, as her forthcoming separation date. *Thurston*, PFR File, Tab 11 at 3–4, 5–6. The Board found the letters were not new because they predated the close of the record. Appx. 62 n.2. Ms. Thurston argues the record closed on October 5, 2018, which makes the letters new evidence. Petitioner's Informal Br. 9. While the record in the initial appeal did close in October 2018, when Ms. Thurston filed the petition for review, the record reopened during briefing. 5 C.F.R. § 1201.114(e), (k) (explaining the record on review is open during briefing until the reply to the response to the petition for review is due, which is ten days after the service date of the response). Here, the response to the petition for review was served via U.S. mail on May 9, 2019. *Thurston*, PFR File, Tab 3. The record on review, therefore, closed approximately ten days later. The Board informed Ms. Thurston of the record closure via letter dated May 9, 2019. *Thurston*, PFR File, Tab 2. Given the record closed in May 2019, substantial evidence supports the Board's finding that the March 2019 letters

predated the May 2019 record closure and therefore were not new evidence.

Ms. Thurston submitted a document from the Social Security Administration (SSA) dated August 21, 2019, showing the SSA deemed Ms. Thurston "entitled to monthly disability benefits" starting December 2018. *Thurston*, PFR File, Tab 11 at 7–8. The Board found the SSA document was new but not material, noting "it does not constitute significant or useful evidence" because it did not specifically identify medical conditions. Appx. 62–63 n.2. Given no medical information was provided in the SSA document, substantial evidence supports the Board's materiality finding.

Ms. Thurston submitted two medical reports, *Thurston*, PFR File, Tab 11 at 9, 17–18; a services agreement with Dr. Abel, *id.* at 10–12; and four bills from Dr. Abel for therapy sessions, *id.* at 13–16. The Board stated the evidence was not new because it was already part of the record on review. Appx. 62–63 n.2. Ms. Thurston had already submitted these documents with her petition for review on April 29, 2019, which was before the record on review closed. *Thurston*, PFR File, Tab 1. The Board's finding that the evidence was not new is therefore supported by substantial evidence.

Ms. Thurston submitted seven receipts for payment to a coaching program to help with anxiety. *Thurston*, PFR File, Tab 11 at 19–27. The receipts were dated January 2019, August 2019, September 2019, October 2019, November 2019, December 2019, and June 2020. *Id.* The Board did not consider these documents because the January 2019 receipt was not new, and the remaining six receipts were not material because they covered a time period during which Ms. Thurston was no longer a federal employee. Appx. 62–63 n.2. Given the record on review closed in May 2019 and Ms. Thurston was separated from

the USPS in April 2019, substantial evidence supports the Board's finding.

## CONCLUSION

We have considered Ms. Thurston's remaining arguments and find them unpersuasive. We affirm the Board's denial of Ms. Thurston's petition for review.

## **AFFIRMED**

## COSTS

No costs.